BOLAND vs. BENSON and others.

*September 21 — October 12, 1880.*

ACTION.   *(1, 2) On bond of general assignee for creditors: whether legal or equitable?   (3) Question of pendency of another action.*

1. An action on the bond of a general assignee for the benefit of creditors, in which the breach alleged is, that the assignee, though he has sufficient money of the trust estate to pay plaintiff's claim against the assignor, refuses to pay it, is an action at law, unless special circumstances are alleged which require the interference of equity.

2. In such a case, where the prayer for relief was, that the court adjudge a *settlement of the assignee's accounts,* and that the bond be declared forfeited, but no facts were stated in the complaint which required an accounting, and the judgment against defendants was for a specific sum, without any accounting: *Held,* that the action was one at law, and costs should have been taxed accordingly.

3. Defendants pleaded in abatement the pendency of another action, in the county court, for the same cause. On trial of this issue by the circuit court, it appeared that, before the commencement of this suit, the county court, by an order in open court, not formally entered of record at the time it was made, had directed that action to be dismissed, and that afterwards, on the hearing of a rule to show cause, it had directed such order to be entered *nunc pro tunc.* *Held,* that the circuit court did not err in treating such action as having been dismissed before the present action was brought.

APPEAL from the Circuit Court for *Brown* County.

This action appears to have been commenced about February 1, 1877. Plaintiff had judgment for $114.86 damages, and for costs the amount of which is not stated in the printed case, but which included $107.84 taxed as attorneys' fees. The case is further stated in the opinion. Defendants appealed from the judgment.

The cause was submitted on the brief of *Tracy & Bailey* for the appellants, and that of *W. J. Lander* for the respondent.

COLE, J. This is an action on a bond given by an assignee under the statute, on the voluntary assignment of property for the benefit of creditors. The plaintiff is the owner of a

claim against the assignors, which, he alleges, the assignee refuses to pay, though the latter has in his hands sufficient money belonging to the trust estate to pay it. In view of the amount of costs which were taxed in the court below, it becomes material to inquire whether the action is one at law or in equity. It is claimed by the counsel for the defendants that it is an action at law upon contract. The general rule certainly is, that an action for a breach of a bond for the payment of money is one at law. There might possibly be some special circumstances which would render it necessary to resort to a court of equity in order to obtain full relief upon such an obligation, but no such facts are presented in this record. Aside from the prayer for relief, the complaint states a pure cause of action at law; and the judgment recovered is one at law for damages. It seems to us there is no doubt that an action at law for a breach of the bond was the proper remedy. The parties and court, we infer, must have regarded this action as of that character, in rendering a judgment for dollars and cents. It is true, the prayer for relief is that the court adjudge a settlement of the accounts of the assignee, and that the bond be declared forfeited; but while courts of equity have for a long time exercised jurisdiction in matters of account, upon the ground that the remedy at law was inadequate, there are no facts stated in the complaint which call for the exercise of any such equitable jurisdiction.

It appears from the complaint that all the creditors interested in the trust property have been paid. No adjustment of trust matters is sought, and no earthly reason shown for an accounting in equity. In fact, no such accounting was had. The action was tried before the referee and court, all the way through, as one at law, as it doubtless is; and inasmuch as the parties have thus tried it upon the merits, we think the judgment must be reversed and the cause be remanded with directions to allow the prayer of the complaint to be amended so as to conform to the judgment. The action being one at law,

of course the court, in the taxation of costs, will be governed by the statute regulating such taxation in that class of actions. It appears that the defendants moved for a retaxation of costs on an affidavit of their attorney that he had inadvertently failed to attend at the taxation before the clerk, and that the action was one at law, upon contract. The court denied the retaxation, but upon what ground does not appear, unless the action was considered an equitable one. But we think the objection to the taxation was well raised upon the record by the practice adopted.

In their answer the defendants set up the pendency of another action in the county court of Brown county, for the same cause as that set forth in the complaint, and between the same parties. It is insisted that this plea in abatement, upon the evidence offered, should have prevailed; but we think the circuit court was right in considering the former suit as discontinued. It appeared that, before the commencement of this suit, the county court, by an order in open court, directed that action to be dismissed, but the order was not actually formally entered of record. The county court, however, on the hearing of a rule to show cause, January 15, 1879, directed an order to be entered of record in the former suit, *nunc pro tunc*, dismissing it as of the date the order was announced in open court. There can be no doubt that the circuit court properly gave full effect to this last-mentioned order, in passing upon the sufficiency of the matters set up in abatement. But for the reasons before given the judgment of the circuit court must be reversed, and the cause remanded with directions to proceed as already indicated.

*By the Court.*— It is so ordered.